IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell Driggers,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Roddi Long & Roddi Long Grading, Inc.,<br><br>　　　　Defendants. | CIVIL ACTION NO.: **2:21-cv-2754-BHH**<br><br>**COMPLAINT**<br>(Jury Trial Demanded)<br><br>(Negligence; Negligent Entrustment; Negligent Hiring, Retention, Training, and Supervision) |

Plaintiff Darrell Driggers, by and through the undersigned attorneys and complaining of Defendants named above, would allege and show unto the Court the following:

## JURISDICTION AND VENUE

1. A motor vehicle collision which caused serious injury and significant damages to Plaintiff occurred on October 4, 2018 in Berkeley County, State of South Carolina.

2. At the time of the collision, Plaintiff was a citizen and resident of Berkeley County, State of South Carolina.

3. At the time of the collision, Defendant Roddi Long (hereinafter referred to as "Long"), upon information and belief, was a citizen and resident of the State of North Carolina.

4. Upon information and belief, Long was, at all times relevant hereto, a motor carrier pursuant to 49 C.F.R. Part 392.3 and 49 C.F.R. Part 395.1 and 49 C.F.R. 395.8.

5. Upon information and belief, Defendant Roddi Long Grading, Inc. (hereinafter referred to as "Roddi Long Grading") is a trucking company with its principal place of business in the State of North Carolina.

1

6. At all times material hereto, Roddi Long Grading operated a trucking company engaged in interstate commerce, and regularly and systematically conducted affairs and business activities in the State of South Carolina and, more particularly, Berkeley County.

7. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction based on complete diversity of citizenship of the parties and because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

8. In accordance with 28 U.S.C. § 1391 and Local Civil Rule 3.01(A)(1), venue is proper in the Charleston Division of the District of South Carolina as the alleged acts or omissions occurred in Berkeley County, South Carolina.

**FOR A FIRST CAUSE OF ACTION**
(Negligence)

9. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

10. At all times relevant hereto, Long was an employee, agent, and legal representative of Roddi Long Grading and acting in the course and scope of his employment.

11. Roddi Long Grading controlled the actions of Long on October 4, 2018 and therefore is responsible for his actions and inactions on October 4, 2018.

12. On or about October 4, 2018 at approximately 8:40 a.m., Long's commercial motor vehicle, owned and operated by Roddi Long Grading, was traveling north on Secondary 9 in Berkeley County, South Carolina.

13. On the same date and at the same time, Plaintiff was a restrained driver of a motor vehicle also traveling south on Secondary 9 in Berkeley County, South Carolina.

14. Plaintiff was acting in a reasonably prudent and careful manner at all times pertinent hereto.

15. As Plaintiff was preparing to make a left turn from Secondary 9 onto Secondary 260, Long drove his commercial motor vehicle off the roadway, overcorrected back onto the roadway, directly towards Plaintiff's vehicle, and then collided with Plaintiff, who was attempting to avoid being hit head-on.

16. At the time of the collision, Long was traveling with an unauthorized passenger in his commercial motor vehicle.

17. Prior to and at the time of the collision, Long was traveling in excess of the posted speed limit.

18. At the time of the collision, Long was distracted.

19. The collision occurred through no fault of Plaintiff.

20. As a result of the collision, Plaintiff suffered substantial multiple body trauma, blunt force trauma, and head, neck, back, chest, abdomen, arms, and legs.

21. The collision, injuries, and damages described in this Complaint were the direct, foreseeable, and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts or omissions of Long who was acting in the course and scope of his employment, agency, and representation of Roddi Long Grading in the following particulars:

   a. Failing to keep a proper lookout;

   b. Failing to maintain his commercial motor vehicle under proper control;

   c. Failing to control his speed in order to do everything necessary to avoid colliding with another vehicle, in violation of S.C. Code § 56-5-1520(a);

   d. Failing to maintain his lane of travel in violation of S.C. Code Ann. § 56-5-1900;

   e. Failing to yield the right of way to Plaintiff's vehicle in accordance with S.C. Code Ann. § 56-5-580, when Plaintiff possessed the right of way at all times pertinent hereto;

   f. Driving a commercial motor vehicle in such a manner to indicate willful, wanton, reckless, grossly negligent, and negligent disregard for the safety of others, in violation of S.C. Code Ann. § 56-5-2920;

g. Failing to have due regard for the speed of such vehicles and the traffic upon and the condition of the roadway, in violation of S.C. Code Ann. § 56-5-1930;

h. Recklessly operating a commercial motor vehicle in such a manner as to indicate a willful or wanton disregard for the safety of persons and property in violation of S.C. Code Ann. § 56-5-2920;

i. Operating an unsafe commercial motor vehicle in violation of S.C. Code Ann. §§ 56-5-4410 and 56-5-5310;

j. Failing to operate a commercial motor vehicle with a valid medical certificate, as required by the Federal Motor Carrier Safety Regulations ("FMCSR");

k. Failing to operate a commercial motor vehicle in the manner required by the FMCSR, including in violation of Hours of Service rules;

l. Failing to operate a commercial motor vehicle in the manner required by the professional standards established by South Carolina, including in violation of Hours of Service rules;

m. Failing to properly maintain, inspect, service and repair the tractor and trailer in violation of the FMCSR and state laws;

n. Failing to properly perform and document the pre- and post-trip inspections in violation of the FMCSR and state laws;

o. Driving a commercial motor vehicle with an unauthorized passenger;

p. Failing to use the degree of care and caution that a reasonable person would have used under the circumstances then and there prevailing; and

q. In such other and further particulars as the evidence at trial may show.

All of which acts and omissions, or both, were the actual, direct, and proximate result of the damages and injuries claimed herein.

22. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Roddi Long Grading and Long as set out above, Plaintiff has suffered injuries, which have caused, and in the future will cause, him pain, suffering, mental anguish, emotional distress, permanent impairment, increased susceptibility to future injury, loss of enjoyment of life, lost wages, and other damages.

23. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Roddi Long Grading and Long as set out above, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

## FOR A SECOND CAUSE OF ACTION
(Negligent Entrustment)

24. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

25. Roddi Long Grading knew or should have known that Long was untrained and incapable of operating his commercial motor vehicle in the manner as required by the FMCSR and state law.

26. Roddi Long Grading knew or should have known that Long's inexperience and lack of training was evidence that he was incapable of complying with the FMCSR and state law and was therefore a reckless driver.

27. Roddi Long Grading entrusted a commercial motor vehicle to Long despite knowing that he lacked proper training and experience.

28. Roddi Long Grading entrusted a commercial motor vehicle to Long despite knowing that he lacked the required medical certificate.

29. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Roddi Long Grading and Long as set out above, Plaintiff has suffered injuries, which have caused, and in the future will cause, him pain, suffering, mental anguish, emotional distress, permanent impairment, increased susceptibility to future injury, loss of enjoyment of life, lost wages, and other damages.

30. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Roddi Long Grading and Long as set out above, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

**FOR A THIRD CAUSE OF ACTION**
(Negligent Hiring, Training, Retention, and Supervision)

31. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

32. Roddi Long Grading owed statutory and common law duties to Plaintiff not to negligently hire, supervise, or retain commercial motor vehicle drivers incapable of complying with all provisions of the FMCSR and state law.

33. Roddi Long Grading failed to properly review, interview, or interact with Long prior to hiring Long as a commercial motor vehicle driver.

34. Roddi Long Grading knew or should have known that Long lacked the proper training, experience, and ability to comply with all provisions of the FMCSR and state law.

35. Roddi Long Grading knew or should have known that Long lacked the required medical certificate to operate a commercial motor vehicle.

36. Roddi Long Grading knew or should have known that Long's inexperience, lack of training, and inability to comply with the FMCSR was evidence that he was unable to comply with federal law and state law and was therefore a reckless driver.

37. Roddi Long Grading failed to comply with the FMCSR prior to utilizing Long as a commercial truck driver.

38. Roddi Long Grading failed to properly supervise and train Long in violation of the FMCSR and state law.

39. Roddi Long Grading allowed Long to continue to operate a commercial motor vehicle without the most basic training, in violation of the FMCSR and state law.

40. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Roddi Long Grading and Long as set out above, Plaintiff has suffered injuries, which have caused, and in the future will cause, him pain, suffering, mental anguish,

emotional distress, permanent impairment, increased susceptibility to future injury, loss of enjoyment of life, lost wages, and other damages.

41.    Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Roddi Long Grading and Long as set out above, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

42.    Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays for the following:

i.    Judgment against Defendants for actual and punitive damages in an amount to be determined by the jury;

ii.    For the costs of this action including interest from the date of filing of this Complaint, and a reasonable attorney's fee be taxed against the Defendants; and

iii.    For such other and further relief as this court deems just and proper.

**PIERCE SLOAN KENNEDY & EARLY LLC**
321 East Bay Street
Post Office Box 22437
Charleston, SC 29401
(843) 722-7733

<u>s/ J. Morgan Forrester</u>
Allan P. Sloan, III (Fed ID 6268)
J. Morgan Forrester (Fed ID 12129)
Carson R. Parker (Fed ID 12727)
*Attorneys for Plaintiff*

August 24, 2021
Charleston, South Carolina